IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES ex rel. BORIS YATSENKO | : : : | CIVIL ACTION |
| v. | : : | |
| JOHN ASHCROFT et al. | : | NO. 02-5310 |

<u>ORDER</u>

AND NOW, this 27th day of January, 2003, upon consideration of Boris Yatsenko's petition for writ of habeas corpus brought under 28 U.S.C. § 2241, the Government's response thereto, and Yatsenko's reply brief, and the Court finding that:

(a) Boris Yatsenko is a citizen of Kazakhstan who is in the custody of the Immigration and Naturalization Service ("INS") at York County Prison in York County, Pennsylvania pending his removal as an inadmissible alien;

(b) Yatsenko's habeas petition advances two major arguments stemming from his dealings with the INS from 1999 to the present[1];

---

1. As best we can reconstruct Yatsenko's procedural history from the fragmentary information in the petition and the Government's response, he surreptitiously entered the United States at Nogales, Arizona on February 3, 1998 and traveled to Canada. The Canadian government denied Yatsenko's application for refugee status and deported him to Champlain, New York on September 22, 1999. On that date, the INS district director in Buffalo, New York issued a Notice to Appear alleging that Yatsenko was subject to removal as an inadmissible alien. Yatsenko ultimately received a removal hearing before Immigration Judge Craig DiBernardis (the "IJ") on July 18, 2000. The IJ found Yatsenko inadmissible but granted him the privilege of voluntary departure pursuant to 8 U.S.C. § 1229c(a)(1). However, Yatsenko failed to depart the United States. At some point, with the assistance of counsel, Yatsenko filed a motion to reopen, which the IJ denied on September 19, 2001. Yatsenko then attempted to withdraw the (denied) motion on September 27, 2001. Yatsenko also "asked his attorney not to appeal the Immigration Judge's decision denying

(continued...)

(c)    First, Yatsenko asserts that the INS has abused its discretion in refusing to release him on an order of supervision or on bond while the Board of Immigration Appeals ("BIA") considers his appeal of the IJ's denial of his motion to reopen;

(d)    This Court has no authority in habeas proceedings to review INS decisions for abuse of discretion, see United States ex rel. Kovalev v. Ashcroft, 223 F.Supp.2d 688, 693-95 (E.D. Pa. 2002) (providing extensive discussion of this issue)[2];

(e)    Second, Yatsenko argues that the execution of the removal order would be unconstitutional because the IJ allegedly

---

1. (...continued)
the Motion." See Mot. at 2.  Yatsenko also filed an asylum application at an unspecified time that was apparently rejected. See Reply at 5.  On May 30, 2002, the INS arrested Yatsenko in Philadelphia.  His present counsel filed an appeal with the Board of Immigration Appeals ("BIA") on July 10, 2002.  Finally, Yatsenko's counsel filed this habeas petition on July 24, 2002.

2.  Yatsenko also advances a shifting constitutional argument concerning his detention.  In his initial petition, he claimed that his detention pending removal is unconstitutional because the IJ violated his due process rights during the removal hearing.  Mot. at 5-6.  However, in the final incarnation of the argument found in Yatsenko's reply brief, he asserts:

> Instead of considering whether it is lawful to detain Relator during the removal period, which is not the issue in this case, this Court should consider whether it is lawful to detain Relator for the period of time while the present Habeas Corpus petition is pending . . . . .

Reply at 2.

Whatever the merits of this claim, we need not reach it because our disposition of the habeas petition renders it moot.

violated his due process rights by refusing to accept and consider "his plea for asylum, withholding of removal and relief under the United Nations Convention against Torture," Mot. at 2;

    (f)  We decline to consider this claim for several reasons;

    (g)  First, a scant two weeks before he filed this habeas petition, Yatsenko filed an appeal with the BIA challenging the IJ's denial of his motion to reopen removal proceedings, see Mot. Ex. 2;

    (h)  Although Yatsenko is not statutorily required to exhaust administrative remedies, we have the discretion to require exhaustion, see McCarthy v. Madigan, 503 U.S. 140, 145 (1992);

    (i)  It would be premature and peremptory for us to intervene in this case before the BIA has had an opportunity to correct the IJ's alleged procedural errors, see id. ("[A]n agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."); see also Perreira v. Faraquharson, No. 02-769, 2002 WL 31094957, at *5 (D. Conn. Aug. 15, 2002) (denying alien's habeas petition on exhaustion grounds because he failed to appeal IJ's order after removal hearing at which he was allegedly denied an interpreter); Delbois v. Johnson, No. 95-963, 1996 WL 622646, at *2 (W.D.N.Y. Sept. 19, 1996);

    (j)  Second, even if we declined to require exhaustion and concluded that the Fifth Amendment compelled the IJ to

3

consider Yatsenko's asylum and Convention Against Torture claims, we would still deny his petition because he has conspicuously failed to show that these claims are meritorious[3], see Kuciemba v. I.N.S., 92 F.3d 496, 502 (7th Cir. 1996) ("[I]n order to prevail on a due process claim, a petitioner must produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of . . . deportation proceedings.") (emphasis in original); see also Coronado-Gonzalez v. Ashcroft, No. 02-4868, 2002 WL 31855370, at *2 (N.D. Cal. Dec. 16, 2002);

It is hereby ORDERED that:

1.  The petition for a writ of habeas corpus is DENIED; and

2.  The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
Stewart Dalzell, J.

---

3. Not only has Yatsenko neglected to articulate the grounds for his fear that he will suffer persecution and torture if he is returned to Kazakhstan, but he has stated that the INS has already examined his asylum claim and rejected it on the merits. See Reply at 5 (noting that the "subsequent denial of his asylum application was an unfair surprise for Relator and his family").